IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-07-753-C |
| ) | |
| RICHARD M. ARNOLD, SR., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

The government has filed a complaint to reduce to judgment federal tax assessments made against Defendant owed for the tax years 1988 and 1989. (See Compl., Dkt. No. 1.) Defendant has filed an answer denying his indebtedness (see Resp., Dkt. No. 7, ¶¶ 7, 9), as well as a motion to stay this civil case pending completion of criminal proceedings against him (see Def.'s Mot., Dkt. No. 15), to which the government has responded (see Pl.'s Resp., Dkt. No. 16). Additionally, the government has filed a motion to compel Defendant to respond to discovery requests (see Pl.'s Mot., Dkt. No. 18). Because as of this date Defendant has filed neither a reply brief, see LCvR7.1(i), nor a response to Plaintiff's motion, see LCvR7.1(g), these matters are now at issue.

*A. Motion to Stay*

In addition to being named in this civil suit, the Internal Revenue Service Criminal Investigation division ("IRSCI") is currently conducting an investigation of Defendant's activity, and Defendant asserts that he has been summoned to produce records to a grand jury sitting in the Western District of Oklahoma. (See Def.'s Mot. at 1-2; Pl.'s Resp. at 2.)

Defendant asserts that in order to avoid providing the government with further evidence to bolster its criminal investigation, Defendant will be forced to invoke his Fifth Amendment privilege against self-incrimination and refuse to provide information in this civil case – an action that he claims would create a presumption that his testimony would be incriminating. (See Def.'s Mot. at 2, 6.)  Defendant therefore requests a stay of the civil proceedings while waiting to see if a criminal indictment will be returned.  (See id. at 12.)

While the Court has discretion to stay a civil proceeding when the interests of justice require such action, United States v. Kordel, 397 U.S. 1, 12 n.27 (1970), such a stay is not warranted in this case.  In determining whether a stay is justified, courts in this Circuit and others have examined several factors, including:

(1) The extent to which issues in the criminal case overlap with those presented in the civil case;

(2) The status of the case, including whether the defendant has been indicted;

(3) The private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay;

(4) The private interests of, and burden on, the defendant;

(5) The interests of the Court; and

(6) The public's interest.

In re CFS-Related Sec. Fraud Litig., 256 F. Supp. 2d 1227, 1236-37 (N.D. Okla. 2003) (citing cases); see also AIG Life Ins. Co. v. Phillips, No. 07-cv-00500-PSF-MEH, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007); M.D. Diet Weight Loss & Nutrition Clinic, L.C. v.

Absolute Weight Loss & Nutrition Ctr., LLC, No. 2:05-CV-605 TS, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006).

The strongest case for the Court to grant a stay is when "a party under criminal indictment is required to defend a civil proceeding involving the same matter." Volmar Distribs., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (granting a stay of civil discovery where two defendants had "an indictment currently pending against them which [arose] from the same factual background alleged in the Complaint"; see also In re CFS, 256 F. Supp. 2d at 1237 ("'[S]elf-incrimination is more likely if there is a significant overlap.'") (citation omitted). In this case, Defendant has not offered any evidence to demonstrate that the IRSCI investigation concerns the same conduct upon which the civil action's tax assessments are based, or, moreover, that it is connected to any of his activities for tax years 1988 or 1989. In addition, the government's attorney of record has filed a declaration pursuant to 28 U.S.C. § 1746, i.e., under penalty of perjury, that she has been in contact with the IRSCI special agent and the Assistant United States Attorney assigned to Defendant's case; both officials informed her "that their investigation does not concern Arnold's conduct giving rise to his tax assessments for the years 1988 through 1989." (See Decl. of Jacqueline Brown, Dkt. No. 17, ¶ 5.)

In addition to the absence of evidence that the civil and criminal proceedings are parallel, none of the other factors justifies a general stay in this case or suggests that such a stay is in the best interest for the entities involved. While IRSCI is indeed investigating Defendant, no indictment has yet resulted; nor has Defendant alleged that such an indictment

is soon to be issued. "Courts have generally declined to impose a stay in the civil proceedings where a defendant is under criminal investigation, but has not yet been indicted." In re CFS, 256 F. Supp. 2d at 1237 (citing In re Worldcom, Nos. 02 Civ 3288(DLC), 02 Civ. 4816 (DLC), 2002 WL 3129501, at *4 (S.D.N.Y. Dec. 5, 2002)). Finally, the highly conjectural burden on Defendant of participation in civil proceedings does not outweigh the important considerations of judicial efficiency and economy and the public interest in resolution of this action.

*B. Motion to Compel*

The government has moved for an order compelling Defendant to respond to its discovery requests pursuant to Fed. R. Civ. P. 37.[*] The government asserts that Defendant has tendered a wholesale refusal to its discovery requests, apparently based upon his Fifth Amendment privilege against self-incrimination. (See Pl.'s Br., Dkt. No. 19, at 2.) The government further states in its motion that Plaintiff refused to respond to discovery requests so long as his motion to stay was pending. (See id. at 1 & Ex. 1.) Pursuant to LCvR7.1(g), the Court deems the government's motion confessed.

In light of the Court's denial of Defendant's motion to stay discussed above, Defendant's grounds for refusing to respond no longer exist, and the government's motion

---

[*] The government's motion requests that Defendant be compelled to respond to its Rule 33 interrogatories pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii) and its Rule 34 requests for production pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv). While there is no specific mechanism in the Federal Rules for the Court to compel Defendant to respond to the government's Rule 36 requests for admission, see 8A Charles Alan Wright et al., Federal Practice and Procedure § 2290 (2d ed. 1994), Defendant's continued failure to properly respond may subject him to the provisions and payment of expenses outlined in Fed. R. Civ. P. 36(a)(3) and 37(c)(2).

to compel is well-taken. Although Defendant's request for a blanket postponement lacks merit, he retains the ability to claim a Fifth Amendment privilege in response to specific requests. The Court also has the discretion to impose other protective measures if warranted. See In re CFS, 256 F. Supp. 2d at 1236 (noting that alternatives to a general stay include protective orders, sealed interrogatories, and stays for finite time periods or limited to specific subject matters).

The government additionally requests the reasonable expenses, including attorney's fees, incurred in preparing and filing its motion to compel. (See Pl.'s Br. at 2.) Given the circumstances surrounding Defendant's failure to respond, however, the Court finds that an award of expenses would be unjust. See Fed. R. Civ. P. 37(a)(5)(A)(iii).

## CONCLUSION

For the reasons outlined herein, Defendant's motion to stay (Dkt. No. 15) is DENIED. The government's motion to compel (Dkt. No. 18) is GRANTED. Defendant is ordered to submit complete responses to the government's interrogatories and requests for production within ten days of the date of this Order.

IT IS SO ORDERED this 8th day of May, 2008.

_____
ROBIN J. CAUTHRON
United States District Judge